# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS WALLS,** | ) |
| Plaintiff, | ) CASE NO.: |
| | ) |
| | ) JUDGE |
| v. | ) |
| | ) |
| **NCAM VW, LLC, d/b/a VOLKSWAGEN OF STREETSBORO** | ) **COMPLAINT** |
| | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |
| | ) |

Plaintiff Thomas Walls, by and through counsel, brings this Complaint against Defendant NCAM VW LLC d/b/a Volkswagen of Streetsboro, and alleges as follows:

## PARTIES

1. Plaintiff is an individual residing in Wayne County, Ohio. Plaintiff was employed by Defendant as a Sales Manager during all the times relevant to this Complaint.

2. Defendant is a domestic corporation for profit with a principal place of business in Portage County, Ohio. Defendant can be served through its registered agent William Krueger, Esq., 5755 Granger Road, Suite 777, Independence, Ohio 44131.

3. At all times relevant to this Complaint, Defendant was an employer covered by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

4. At all times relevant to this Complaint, Plaintiff was an eligible employee of Defendant as defined by 29 U.S.C. § 2611(2) because Plaintiff was employed by Defendant for more than 12 months and worked at least 1,250 hours for Defendant during the relevant twelve-month period.

## JURISDICTION AND VENUE

5. Jurisdiction in this case is based on 28 U.S.C § 1331. This action arises under the FMLA.

6. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(1), (2).

## STATEMENT OF FACTS

7. Plaintiff was employed by Defendant as a Sales Manager for over a year.

8. On or about December 4, 2021, Plaintiff suffered an injury at home, broke two bones in his right ankle, and was told he required surgery.

9. Plaintiff underwent surgery on December 10, 2021.

10. As a result of this diagnosis, Plaintiff was directed to refrain from work until January 10, 2022.

11. As Plaintiff was unable to work because of his diagnosis, Plaintiff was incapacitated with a serious health condition within the meaning of 29 CFR § 825.113, and required a leave of absence pursuant to the FMLA.

12. Plaintiff immediately informed Defendant of his need for leave on December 7, 2021.

13. At the time of his request for leave, Plaintiff had been continuously employed as a full-time employee for over 12 months, and he had worked more than 1,250 hours in the preceding year. Thus, Plaintiff was a covered employee within the meaning of the FMLA.

14. When Plaintiff returned from his FMLA leave on January 10, 2022, Defendant terminated his employment.

15. By terminating Plaintiff's employment for taking leave protected by the FMLA, Defendant interfered with Plaintiff's rights under the FMLA.

## COUNT I
**(Violation of FMLA – Retaliation)**

16. Plaintiff restates each of the previous paragraphs of this Complaint as if fully rewritten herein.

17. At all relevant times, Defendant was an employer as defined in the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

18. Plaintiff's medical condition constituted a serious health condition as defined in the FMLA.

19. Plaintiff required time off of work to recover from his serious health condition.

20. Plaintiff informed Defendant of this need for FMLA leave and Defendant was otherwise aware of such need.

21. Plaintiff engaged in a statutorily protected activity by requesting leave pursuant to the FMLA.

22. Defendant terminated Plaintiff's employment in response to his participation in statutorily protected activity.

23. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost and/or actual monetary losses, plus interest, liquidated damages and attorneys' fee and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory damages;

2. Awarding Plaintiff liquidated damages;

3. Awarding Plaintiff his reasonable costs and attorney fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
1360 East Ninth Street
Suite 808
Cleveland, Ohio 44114
Telephone 216.230.2955
Email:   clalak@ohlaborlaw.com

*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*